S90A1591. SMITH v. THE STATE.
(399 SE2d 66)

SMITH, Presiding Justice.

The appellant, Eddie Lee Smith, was sentenced to life imprisonment for the felony murder of Clyde Bennett Nicholson.[1] We affirm.

On the evening of June 3, 1989, the victim and a friend of his known as "Crip" drove to the Techwood Homes neighborhood in Fulton County in order to purchase drugs. When they arrived outside the appellant's apartment building, Crip approached the appellant and several others who were shooting dice on the apartment's outer stoop. The victim remained in the automobile. Crip purchased some drugs from Lamario Russo, an associate of the appellant. For an unexplained reason, the drug deal went awry. Witnesses testified that Crip dropped his money and ran toward the car. Russo chased Crip and threw a beer bottle which struck Crip in the head as he reentered the automobile. The appellant joined in the chase, running up to the automobile from behind and firing a pistol into the driver's side. According to witnesses, only the appellant was seen with a gun. The victim was struck in the left shoulder by one of the shots. He attempted

---

[1] The crime was committed on June 3, 1989. The appellant was indicted on July 21, 1989. The Fulton County jury returned its verdict of guilty on March 27, 1990. A motion for new trial was filed on April 9, 1990. That motion was denied on July 12, 1990. A notice of intent to appeal was filed on August 2, 1990. The transcript of evidence was filed and the record docketed on August 31, 1990. The case was submitted by brief on September 6, 1990.

to drive away from the attack, but was only able to proceed one block before he became unconscious from blood loss and died.

After a police investigation the appellant was arrested. He denied being present during the commission of the crime and volunteered to take a polygraph examination. Subsequently, the appellant, the appellant's attorney, and the prosecutor signed a stipulation regarding the use of the results of the polygraph examination. That stipulation allowed for the use at trial of: the questions asked during the polygraph examination, the appellant's answers to each question, the charts of the physiological reactions of the appellant during the examination, the examiner's interpretation of those charts, and the examiner's opinion, based on his interpretation of those charts, of the truthfulness or deceptiveness of the appellant's responses.

At trial, the prosecution called three witnesses who testified that they saw the appellant join in the chase and fire a pistol into the driver's side of the victim's automobile, and that no other person fired any shots. The State did not call the polygraph examiner as a witness in its case-in-chief.

The appellant testified in his own defense that he was not at the scene during the commission of the crime and that he had taken a polygraph test.[2] When the defense rested its case, the State called the polygraph examiner as a rebuttal witness to challenge the inference that the appellant had passed the polygraph examination. The defense objected, claiming that the polygraph examiner was not a proper rebuttal witness because the appellant had only testified that he had taken a polygraph and had not testified that he had passed the examination. The trial court overruled the appellant's objection and the appellant was subsequently found guilty of felony murder. The appellant moved for a new trial repeating his objection to the polygraph examiner's testimony as a rebuttal witness, but his motion was denied.

---

[2] The record shows the following dialogue occurred at trial:
  "Defense Counsel:
  Q. Eddie, didn't you agree to take a polygraph examination?
  A. Yes, sir.
  Q. Didn't you understand at the time you took it that if you took it the results would be admissible in court?
  A. Yes, sir.
  Q. And you went out to the crime lab and took one, didn't you?
  A. Yes, sir.
  Q. I have no further questions, Your Honor.
  State's Counsel:
  Q. You failed that polygraph examination, didn't you?
  Defense Counsel:
  Whoa, whoa, Your Honor. If he's got a witness to come in and say so, that is fine. . . ."

1. The appellant contends that the trial court erred in allowing the State to call the polygraph examiner under the pretense of rebuttal. The appellant asserts that, in reality, the polygraph examiner's testimony was an attempt by the prosecution to prove substantive evidence which should have been brought out in the State's main case.

This Court has long held that, "[w]hether the State should be permitted to introduce . . . evidence after the defendant ha[s] closed his testimony, even if it was not strictly in rebuttal, [is] a matter resting in the sound discretion of the court." *Smith v. State*, 126 Ga. 803 (3) (55 SE 1024) (1906). Under the facts of this case, "[t]he trial court did not abuse its discretion in controlling the scope of rebuttal testimony." *Ware v. State*, 252 Ga. 90 (5) (310 SE2d 908) (1984).

2. The evidence was sufficient to permit a rational trier of fact to find the appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 1991.

*J. Douglas Willix*, for appellant.

*Lewis R. Slaton*, District Attorney, *Carl P. Greenberg, Joseph J. Drolet, A. Thomas Jones*, Assistant District Attorneys, *Michael J. Bowers*, Attorney General, *Mary H. Hines*, for appellee.