## A91A0018. CHEZEM v. THE STATE.
(406 SE2d 522)

Birdsong, Presiding Judge.

Appellant, Dale Chezem, appeals from the verdict of guilty of public indecency, as charged, and denial of his motion for new trial. The amended accusation avers, inter alia, appellant did unlawfully perform a lewd appearance in a state of complete nudity in a public place, to-wit: in front of a glass door facing a city street, and that said appearance further involved a lewd exposure of appellant's sexual organs. *Held*:

1. Appellant asserts that the trial court erred in allowing two witnesses to testify when they had not been listed as witnesses, following a timely defense demand prior to arraignment, until immediately prior to trial.

The record reflects that the husband and wife who lived across the street from appellant and who had filed a complaint with the police regarding appellant's conduct and from whose house appellant's conduct was witnessed by two law enforcement officers, were allowed to testify as rebuttal witnesses for the State. Appellant's counsel made an admission in judicio of knowledge that the wife was the person who had been present in the room with the officers the day of the incident, although counsel disclaimed having any information as to the scope of the husband's knowledge of the incident. The record further reflects that although the State had been aware of these witnesses prior to trial, it was not until immediately before trial that appellant was served with a supplemental witness list including the names of these witnesses; thereafter, an agreement apparently was entered between the State and appellant that the witnesses would not be used by the State. Appellant, however, does not assert the State broke this agreement in bad faith, rather it is asserted the use of the witnesses in rebuttal was not authorized where the State was well aware of the witnesses in advance, and where the nature of the witnesses' testimony was such that the State reasonably knew it would use the witnesses at trial "and their evidence was, in essence, case-in-chief evidence."

Appellant cites a number of cases for our consideration, see, e.g., *Allison v. State*, 256 Ga. 851 (353 SE2d 805), which involve situations where defendant was never given any type of witness list prior to trial. These cases are not controlling, as they are factually distinguishable from this case where written notice, albeit late, was given to appellant immediately before trial. Moreover, at no point during trial did appellant affirmatively assert either a lack of prior actual knowledge of the witnesses' existence or request a continuance on the record notwithstanding his counsel's claim that the untimely notification procedure used by the State caused a lack of opportunity to interview

the witness prior to trial.

The transcending purpose of OCGA § 17-7-110 is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the *opportunity* to interview prior to trial. *Moody v. State*, 258 Ga. 818 (4) (375 SE2d 30); *Sheriff v. State*, 197 Ga. App. 143, 144 (3) (397 SE2d 732). We are satisfied that the circumstances in this case sufficiently establish, as in *Moody*, supra, that appellant possessed reasonable information as to the identity and location of the witnesses who lived directly across the street, so that he was not deprived, in fact, of an *opportunity* to interview them had he chosen to do so before trial.

"The sanction of the statute excluding the testimony of a witness whose identity has not been disclosed as required by the statute is not a mandatory exclusion and the protection contemplated by the statute can be accomplished where the trial court in its discretion determines the defendant can be protected by some other form of relief." *Bone v. State*, 178 Ga. App. 802, 805 (1) (345 SE2d 46). Appellant failed at trial to timely move the court for either a continuance or a mistrial. Appellant cannot complain of a ruling his own procedure or conduct aided in causing. *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251); compare *Hardin v. State*, 142 Ga. App. 795, 796 (1) (237 SE2d 202). Viewing the record in its totality, we conclude, as in *Moody*, supra, the trial judge did not abuse his discretion in permitting the witnesses to testify in the face of the specific objection posed on the record and encompassed within this particular enumeration of error.

Additionally, if it is not error to call an unlisted witness in rebuttal (*Wilson v. State*, 257 Ga. 444, 447 (7) (359 SE2d 891)), it is not error to call an *untimely* listed rebuttal witness as well. See generally the discussion at Division 3, below.

2. Appellant's brief contains a reference to the failure of the trial court to give certain limiting instructions. On appeal an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration. *Nobles v. State*, 191 Ga. App. 594, 599 (6) (382 SE2d 637).

3. Appellant asserts the trial court erred in allowing similar transaction evidence to be presented when the State had not served a notice of similar transaction, as required by Uniform Superior Court Rule 31.3.

The testimony of the husband and wife elicited by the State, during its rebuttal, included instances of so-called similar transactions, that is, other instances of similar public indecency committed by appellant, notwithstanding no notice of such similar transactions had been served upon appellant pursuant to Uniform Superior Court Rule 31.3.

We note that before the evidence of similar transactions was introduced at trial appellant had taken the stand in his own defense, and had presented a character witness who testified appellant enjoyed a "very good" reputation in the community and that he would believe him under oath. This is not a situation where State's similar transaction evidence causes defendant's character to be placed in issue before defendant has affirmatively done so. Appellant does not claim a violation of OCGA § 24-9-20 occurred, and accordingly any such appellate contention is abandoned. Court of Appeals Rule 15 (c).

Contrary to appellant's assertions, USCR 31.3 was not violated in this case for two distinct reasons. First, the so-called similar transaction evidence establishes an unmistakable pattern of public indecency involving the same type of conduct as contained in the alternative averments of the amended accusation. These acts occurred well within the statute of limitation as the record established unmistakably the time frame during which appellant lived in that neighborhood prior to his arrest. Evidence of guilt of an accused is not restricted to the day mentioned in the indictment or accusation, but may extend to any appropriate date previous to the finding in the indictment or accusation, and within the statute of limitation from the prosecution of the offense charged. Compare *Keri v. State*, 179 Ga. App. 664, 668 (4) (347 SE2d 236) and *Carpenter v. State*, 167 Ga. App. 634, 642 (9) (307 SE2d 19), aff'd 252 Ga. 79 (310 SE2d 912). Viewed in this light, the evidence in issue would not merely constitute prior similar transaction evidence. Rather, it would constitute evidence of the crime charged, as it clearly occurred within the statute of limitation period and before the date alleged in the indictment, and as such, USCR 31.3 would not apply. Secondly, the questioned testimony would be admissible in this instance for purposes of impeachment. USCR 31.3 (E) provides that "[n]othing in this rule is intended to alter the rules of evidence relating to impeachment of witnesses." Thus if the evidence was admissible for purposes of impeachment admission thereof, it would not violate USCR 31.3. Compare *Farmer v. State*, 197 Ga. App. 267, (3) (b) (398 SE2d 235); *Willis v. State*, 193 Ga. App. 659, 661 (4) (388 SE2d 869), and *Sidwell v. State*, 185 Ga. App. 138, 139 (363 SE2d 603). "A party may not question a witness concerning inadmissible matter and then elicit testimony thereafter to be impeached with evidence inadmissible in the case-in-chief," *State v. Rocco*, 259 Ga. 463, 467 (1) (384 SE2d 183), and it would violate rules of evidentiary law and contravene OCGA § 17-7-95 to allow the prosecution to elicit testimony initially from a criminal defendant on cross-examination and then impeach such testimony thereafter with evidence inadmissible in the case-in-chief. *Rocco*, supra. Compare *Cross v. State*, 196 Ga. App. 714 (397 SE2d 125). Nevertheless where evidence is offered that would tend to directly refute and impeach both

defendant's *inherent* assertions on direct examination and his *express* assertions on cross-examination, such evidence is duly admissible as rebuttal evidence for impeachment purposes as it is "inextricably linked" to the defendant's direct testimony. *Butts v. State*, 193 Ga. App. 824, 825 (2) (389 SE2d 395); compare *Weaver v. Ross*, 192 Ga. App. 568, 569 (2) (386 SE2d 43). Appellant voluntarily presented a witness in his behalf who attested to his "very good" character in the community. Appellant testified he was a salesman, and in response to an obviously leading question by his counsel, he affirmed he had formerly been a police officer elsewhere. Thereafter, in response to a final question on direct examination posed by his counsel, appellant unequivocally denied he had intentionally exposed himself in a public place. The basic assertion for purposes of defense strategy *inherently* contained in appellant's testimony on direct is that he was a person of very good reputation in the community who had previously served as a law enforcement officer, and that he would never intentionally expose himself in public because he was not that type of person. The searing cross-examination of appellant merely focused on the heart of appellant's obvious defense, and the questions regarding whether appellant had ever exposed himself to anyone, at any time whether that day or before, constituted a legitimate probe designed to test the validity of this portion of the defense strategy.

Moreover, as in *Smith v. State*, 260 Ga. 746 (399 SE2d 66) (1991), appellant's claim that evidence offered by the State in rebuttal should have been brought out in the State's main case, is wanting in persuasiveness. "Under the facts of this case, '(t)he trial court did not abuse its discretion in controlling the scope of rebuttal testimony.'" *Smith*, supra at 748 (1). We will not reverse the trial court's determination that the evidence in question could be offered as rebuttal.

4. Appellant asserts that the trial court erred in denying a motion for mistrial when the State elicited testimony about unconnected sexual misconduct. Specifically, appellant argues that the State elicited testimony that implied appellant had done some intentional act to the rebuttal witnesses' nine-year-old daughter, as the wife testified that after her daughter had come to her she started to "watch her a little closer to make sure she's okay."

Appellant timely moved for a mistrial but after it was denied requested no curative instructions. See generally *Oller v. State*, 187 Ga. App. 818 (4) (371 SE2d 455). "'"In the absence of a demonstration that a mistrial was essential to preservation of a defendant's right to a fair trial, it is not an abuse of discretion to deny a motion for a mistrial even where no curative instructions were given."'" *Shivers v. State*, 188 Ga. App. 21, 23 (4) (372 SE2d 2).

Review of the record establishes that the testimony of which ap-

pellant complains was not responsive to the question asked by the prosecutor, the State did not intentionally elicit the witness' response, and contrary to appellant's claim it was standing alone, innocuous in its content. The trial court did not abuse its discretion in denying the mistrial motion.

Moreover, during cross-examination of the husband after the wife testified in rebuttal, appellant's attorney asked a question tending to imply the husband had been intentionally looking into appellant's house. This question drew both an angry denial from the husband, and a *preparatory* remark to a further explanation by the husband, as follows: "what he's [appellant] doing, mooning my little daughter and start doing this damage. . . ." Neither a motion for mistrial nor a motion to strike as nonresponsive was made to the husband's testimony by the appellant's counsel. Under these circumstances, it was the trial tactics of appellant rather than the State which directly led to the jury's knowledge of appellant's conduct toward the daughter.

5. Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Compare *Greene v. State*, 191 Ga. App. 149, 151 (381 SE2d 310) (appearing nude in presence of babysitter in bedroom and bathroom of his home); *McGee v. State*, 165 Ga. App. 423, 424 (2) (299 SE2d 573) (lewd exposure of sexual organ occurred in victim's apartment); *Hester v. State*, 164 Ga. App. 871 (298 SE2d 292) (standing behind mobile home window 50 feet from a public highway).

Appellant's other contentions are without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JUNE 5, 1991.

*Amy A. Petulla, Christopher A. Townley*, for appellant.
*Ralph Van Pelt, Jr., District Attorney*, for appellee.