## S96A1615. MASON v. THE STATE.
### (477 SE2d 568)

HUNSTEIN, Justice.

Jeffery Lamar Mason was found guilty of felony murder, aggravated assault, possession of a firearm during the commission of a crime, carrying a concealed weapon, and carrying a weapon without a license. He was sentenced to life imprisonment on the felony murder charge with concurrent twenty-year and five-year sentences on the aggravated assault and possession charges and concurrent one-year sentences on the two misdemeanor charges. He appeals from the denial of his motion for new trial.[1]

1. The evidence adduced at trial authorized the jury to find that Mason entered into an argument with Kelvin O'Neal, the new boyfriend of Mason's ex-girl friend, over which young man was going to ride in the front seat of the girl friend's car. Mason pulled a handgun out of his pocket. As Mason looked away momentarily in response to a call from his cousin, O'Neal swung at Mason's arm. Mason turned and shot O'Neal in the chest, inflicting a fatal wound. This evidence was sufficient to enable the jury to find Mason guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mason's aggravated assault conviction was the underlying felony for his conviction of felony murder; therefore, it merged into the felony murder conviction. It follows that the conviction and sentence for aggravated assault must be vacated. *Fields v. State,* 266 Ga. 241 (4) (466 SE2d 202) (1996).

3. In his sole enumeration of error, Mason contends the trial

---

[1] The crimes occurred on August 19, 1995. Mason was indicted on October 12, 1995 in Dougherty County. He was found guilty on January 10, 1996 and was sentenced the same day. His motion for new trial was filed February 8, 1996 and denied June 6, 1996. A notice of appeal was filed on June 26, 1996 and the appeal was docketed in this Court on July 15, 1996. This appeal was orally argued on October 22, 1996.

court erred by refusing to give a jury charge on involuntary manslaughter, specifically, his written request on unlawful act involuntary manslaughter, OCGA § 16-5-3 (a). Mason argues there was some "slight evidence" to justify the charge, see *Edwards v. State*, 264 Ga. 131 (442 SE2d 444) (1994), in that Mason adduced evidence that he took out the handgun intending only to give it to his cousin; that he did not have the gun pointed at anyone when O'Neal swung at him; and that Mason was looking away when the gun discharged.

Pretermitting the question whether Mason properly objected to the failure to give the requested charge, we find no error. Contrary to Mason's arguments, the evidence established either that Mason intentionally shot and killed O'Neal, and thus committed the offenses of aggravated assault and murder, or that the pistol discharged accidentally, and these offenses did not occur. " 'Where, as here, the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense.' [Cit.]" *Rowe v. State*, 266 Ga. 136, 139 (3) (464 SE2d 811) (1996). This enumeration is accordingly without merit.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED NOVEMBER 12, 1996.

*Brimberry, Kaplan & Brimberry, John P. Cannon,* for appellant.
*Britt R. Priddy, District Attorney, Michael J. Bowers, Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.