## A97A0220. EVANS v. THE STATE.
(484 SE2d 320)

BLACKBURN, Judge.

Tommy C. Evans was convicted of voluntary manslaughter in connection with the stabbing death of L. C. McGriff. Evans appeals his conviction, challenging the sufficiency of the evidence. Evans also contends that the State improperly struck two black jurors and that the court erroneously allowed the testimony of a rebuttal witness for the State.

1. Evans contends the trial court erred in denying his motions for directed verdict and for a new trial because of the insufficiency of the evidence. "On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Punctuation omitted.) *Hight v. State*, 221 Ga. App. 574 (1) (472 SE2d 113) (1996). "The jury resolves all conflicts in the evidence produced at trial." *Buchanan v. State*, 215 Ga. App. 143, 144 (1) (449 SE2d 660) (1994).

The evidence shows that McGriff and another man, Damon Williams, went to see McGriff's sister, who lived with Evans. Evans had been drinking. McGriff and Evans became involved in a struggle on a sofa in the apartment. There was conflicting evidence regarding how McGriff sustained his fatal wound. Williams testified that, when he saw McGriff and Evans "tussling" on the sofa, he became scared and told McGriff that they should leave. He testified that he and McGriff then left the apartment and got into Williams' car, at which time McGriff told Williams that he had been stabbed by Evans. Williams then took McGriff to the emergency room. The medical examiner testified that McGriff died from a stab wound to the upper abdomen.

When police arrived at Evans' apartment, they found Evans bleeding from cuts to the head and back. Evans gave a statement to police at the scene. Evans was taken to the hospital, where he gave another statement to the police. Although Evans did not testify at

trial, his statements at the scene and the hospital were offered into evidence. According to the police, Evans stated that McGriff threatened to kill him because he had tried to rape McGriff's mother. Evans stated that, after their struggle on the sofa, he followed McGriff out to the car, where McGriff hit Evans on the head with a knife. Evans stated that he then turned around to go back inside, at which time McGriff stabbed him in the back. Evans claimed that he then hit McGriff on the head, and that McGriff must have fallen on his own knife.

The medical examiner testified that the stab wound to McGriff's abdomen was not consistent with falling on a knife, but indicated a deliberate stabbing. A physician's assistant who treated McGriff at the hospital testified that McGriff said he had been stabbed by another man and thought he was dying. Williams testified that he had preceded McGriff to the car, and did not see or hear McGriff and Evans fighting near the car.

When police searched Williams' car, they found a pocketknife on the passenger side dashboard. Although blood was found on the knife, tests to identify the blood were unsuccessful. Williams could not say if he had seen McGriff with the knife. A defense witness who left the apartment before the stabbing testified that he saw McGriff pull a pocketknife out of his pocket while arguing with Evans, and then put the knife back in his pocket. However, he stated that the knife found in Williams' car did not appear to be the knife he had seen. This witness was impeached by the State by evidence of his prior convictions for possession of crack cocaine and possession of marijuana.

"While there was conflicting evidence on some of these issues, it is the function of the jury, not the appellate court, to resolve conflicts in the testimony and determine the credibility of the witnesses." (Punctuation omitted.) *Vick v. State*, 211 Ga. App. 735 (440 SE2d 508) (1994). "[T]hat some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence." (Citation and punctuation omitted.) *York v. State*, 207 Ga. App. 494, 495 (1) (428 SE2d 113) (1993). Viewed in the light most favorable to the verdict, the evidence was sufficient to enable the jury to find beyond a reasonable doubt that Evans was guilty of voluntary manslaughter. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Evans, who is black, contends the trial court erred in denying his motion under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90

LE2d 69) (1986), because the State used two of its peremptory strikes to strike the only two blacks in the jury pool. One of the two stricken jurors stated on voir dire that she had known Evans all her life, that he lived down the street from her, that he had been in and out of her home periodically, and that she would be uncomfortable sitting as a juror in his case. The other juror stated that he had known Evans for many years, knew him to be a nice guy, and felt like he was friends with Evans.[1]

"[T]he prosecutor's explanation that he used peremptory challenges to strike the prospective jurors because they knew the defendant provides a proper and racially neutral basis for the exercise of his challenges." *Byers v. State*, 212 Ga. App. 110, 112-113 (2) (441 SE2d 290) (1994). See also *Hightower v. State*, 220 Ga. App. 165, 166 (1) (469 SE2d 295) (1996) (fact that juror knows defendant "constitutes a racially neutral basis for the exercise of the State's challenges"). Accordingly, the trial court did not err in denying Evans' *Batson* motion.

3. After the defense rested, the State called as a rebuttal witness Paul McGlenn, a physician's assistant who treated Evans and the victim after the incident. Evans contends the trial court erred in allowing McGlenn's testimony because it was not in rebuttal of the defense's evidence. However, "whether the State should be permitted to introduce evidence after the defendant has closed his testimony, even if it was not strictly in rebuttal, is a matter resting in the sound discretion of the court." (Punctuation omitted.) *Smith v. State*, 260 Ga. 746, 748 (1) (399 SE2d 66) (1991). A trial court has discretion to allow relevant evidence during rebuttal even if such evidence tends to bolster the State's case more than to directly impeach defense evidence. See *Gregg v. State*, 216 Ga. App. 135, 136-137 (453 SE2d 499) (1995). The trial court's discretion "should not be controlled except in a case so gross and palpable as not to admit of hesitation or doubt." *Woodward v. State*, 197 Ga. 60, 69 (28 SE2d 480) (1943). The trial court did not abuse its discretion in allowing McGlenn to testify.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 18, 1997.

*Suzanne P. Mathis*, for appellant.

---

[1] The prosecution also struck a white juror who stated that he knew Evans for many years as a friend, and another white juror who was related to a possible witness.

*Robert B. Ellis, District Attorney, Ellen S. Golden, Assistant District Attorney*, for appellee.