### S01A0886. COTTON v. THE STATE.
(549 SE2d 71)

CARLEY, Justice.

A jury found Willie James Cotton guilty of felony murder of Anthony Fletcher while in the commission of an aggravated assault. The trial court entered a judgment of conviction and sentenced Cotton to life imprisonment. A timely filed motion for new trial was denied, and he appeals.[1]

1. Construed in the light most favorable to the verdict, the evidence shows that the victim stopped his car to purchase drugs from Gerald Brown. Cotton approached the vehicle on the passenger side, showed the victim some drugs, demanded money, and began struggling with him. As the victim began to drive away, a single shot was fired through his right arm and into the right side of his chest. Cotton immediately fell to the ground with a pistol by his side and he was subsequently seen in possession of the gun. A rational trier of fact could have found Cotton guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Taylor v. State*, 272 Ga. 559, 560 (1) (532 SE2d 395) (2000); *Dunn v. State*, 263 Ga. 343 (1) (434 SE2d 60) (1993); *Smith v. State*, 260 Ga. 746, 748 (2) (399 SE2d 66) (1991).

2. Cotton contends that, because the State failed to prove the essential elements of the underlying felony of aggravated assault, the trial court erred in refusing to give a charge on involuntary manslaughter as a lesser-included offense. We have already determined that the proof of felony murder while in the commission of aggravated assault was sufficient. A requested charge on a lesser included offense must be given only if the evidence "actually warrant[s] the requested charge. [Cits.]" *Moses v. State*, 264 Ga. 313, 315 (2) (444 SE2d 767) (1994).

Cotton relies only on evidence that he apparently did not expect the vehicle's sudden movement and that no witness actually saw him

---

[1] The crime occurred on June 5, 1999. The grand jury indicted the defendant on February 8, 2000. The jury found Cotton guilty on March 8, 2000 and, on the following day, the trial court entered the judgment of conviction and sentence. Cotton filed a motion for new trial on March 15, 2000 and amended it on January 11, 2001. The trial court denied that motion on February 12, 2001, and Cotton filed a notice of appeal on February 20, 2001. The case was docketed in this Court on March 12, 2001 and submitted for decision on May 7, 2001.

threaten the victim with a gun. However, this evidence does not give rise to an inference which supports Cotton's hypothetical that the shooting was unintentional. See *Dickey v. State*, 240 Ga. 634, 642 (6) (242 SE2d 55) (1978). There is no evidence that Cotton merely pointed a weapon at the victim or was otherwise committing either a misdemeanor or a lawful act in an unlawful manner. Indeed, the undisputed evidence shows that, during an unprovoked attack by Cotton, who reached in through the passenger window, the gun was fired from inside the car on the passenger side at close range. See *Dickey v. State*, supra at 642 (6). The only evidence that Cotton did not commit aggravated assault was his pre-trial statement, in which he admitted his presence on the passenger side of the car, but denied that he shot the victim or that he even had a gun. This statement did not show that Cotton committed any crime at all with regard to the discharge of the gun. See *Bellamy v. State*, 272 Ga. 157, 159 (2) (527 SE2d 867) (2000). Thus, the State's evidence supported a finding that Cotton was guilty of felony murder, whereas his denial would have authorized the jury to find him not guilty of any criminal offense. *Dewberry v. State*, 271 Ga. 624, 626 (2) (523 SE2d 26) (1999). Where, as here, the evidence establishes either the commission of the completed offense as charged, or the commission of no offense, the trial court is not authorized to charge the jury on a lesser included offense. *Bellamy v. State*, supra at 159 (2); *Mason v. State*, 267 Ga. 314, 315 (3) (477 SE2d 568) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 2001.

*William D. Phillips*, for appellant.

*Howard Z. Simms, District Attorney, Sandra G. Matson, Myra Y. Hutchinson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.

