A02A2226. HURST v. THE STATE.
(574 SE2d 876)

</div>

ELLINGTON, Judge.

A Laurens County jury convicted Michael Jerome Hurst of kidnapping, OCGA § 16-5-40, and three counts of aggravated assault, OCGA § 16-5-21, in connection with a roadside altercation following a car wreck. Following the denial of his motion for new trial, Hurst appeals, contending that the trial court erred in admitting certain evidence and that the evidence was insufficient as to one count of aggravated assault. Finding no error, we affirm.

Viewed in the light most favorable to the verdict,[1] the record shows the following facts. On May 17, 1996, days after Hurst's girlfriend, Courtney Ellington, had broken up with him, Ellington was driving with her cousin, Krystal Mills, and Eric Carr as passengers. Hurst drove to try to meet Ellington's car because he wanted to talk with her. Traveling in opposite directions, the two cars collided. Holding a handgun, Hurst approached Ellington's car, got into an argument with Carr, "swung on [Carr]" and hit him with the gun. Ellington ran toward a nearby house and Hurst chased her. Inside the house, Hurst pointed the gun at Ellington. Hurst struggled with Ellington for control of the gun, hit her in the face with the gun and then dragged her down a hallway.

1. Hurst contends the trial court erred in admitting the testimony of a rebuttal witness who testified about an altercation he had with Hurst in November 1995. Specifically, Hurst contends the testi-

---

[5] See *Jackson v. State*, 252 Ga. App. 268, 271 (2) (555 SE2d 908) (2001).
[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

mony of the rebuttal witness was inadmissible character evidence. "[W]hether the State should be permitted to introduce evidence after the defendant has closed his testimony, even if it was not strictly in rebuttal, is a matter resting in the sound discretion of the court. . . . The trial court's discretion should not be controlled except in a case so gross and palpable as not to admit of hesitation or doubt." (Citations and punctuation omitted.) *Evans v. State*, 225 Ga. App. 589, 591 (3) (484 SE2d 320) (1997).

At trial, Hurst testified in his own defense, agreeing with his counsel that the incident was "the most stupidest thing" he had ever done. Hurst testified, "I never got in trouble as much as I have with this." When Hurst objected to the State's intended rebuttal witness, the trial court ruled that Hurst had not placed his character generally in issue but that the State was entitled to rebut the specific aspect of Hurst's statement "that he has never been in trouble and never done anything stupid like this previously." The rebuttal witness testified that Hurst drove up by the witness in a mall parking lot, jumped out of a car, pulled a gun on the witness, threatened to kill him and hit him in the face. The witness swore out a warrant against Hurst.

"There are numerous instances where the state may offer evidence that reflects adversely on a defendant for a purpose other than to show the defendant is a person of bad character, including instances where evidence is relevant to impeach the specific testimony of a defendant." (Citations omitted.) *Woodham v. State*, 263 Ga. 580, 581 (2) (439 SE2d 471) (1993). In this case, the trial court allowed the State to introduce the rebuttal witness's testimony for impeachment purposes only. "Although the [witness's] testimony may have reflected adversely on [Hurst's] character, it was admissible to impeach [Hurst's] direct testimony in which he attempted to portray himself in a positive light" by claiming he had never gotten in this much trouble before. Id. The trial court did not abuse its discretion in admitting the rebuttal testimony.

2. Hurst contends the evidence was insufficient, and the trial court erred in denying his motion for directed verdict, as to Count 8 of the indictment which charged him with aggravated assault upon Carr "with a handgun, a deadly weapon, by intentionally striking [Carr] with said handgun."

The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements

of the crime beyond a reasonable doubt. Moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) *McLester v. State*, 249 Ga. App. 71, 74 (3) (547 SE2d 709) (2001).

At trial Carr testified Hurst swung at him but he did not think Hurst hit him in the face with the gun. The investigating officer, however, testified that moments after the wreck Carr stated that Hurst hit him in the face with a pistol. "A prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." (Citations and punctuation omitted.) *Berry v. State*, 268 Ga. 437, 438 (1) (490 SE2d 389) (1997). Thus, the investigative statements Carr gave at the scene of the accident constituted substantive evidence of Hurst's guilt as to Count 8, despite Carr's subsequent recantation or equivocation. Id. "It is within the province of the jury to resolve conflicts in trial testimony and assess the credibility of the witnesses. The jury, which was properly instructed on impeachment and credibility of witnesses, chose to believe [Carr's] pre-trial statements and to reject [the conflicting portions of his] testimony at trial." (Citation omitted.) Id. The evidence was sufficient to enable a rational trier of fact to find Hurst guilty beyond a reasonable doubt of aggravated assault. *Lattimer v. State*, 231 Ga. App. 594, 595 (499 SE2d 671) (1998).

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 3, 2002.

*Nelson & Smith, Carlton K. Nelson III*, for appellant.
*Ralph M. Walke, District Attorney*, for appellee.