A09A0596. TAYLOR v. THE STATE.
(674 SE2d 47)

BLACKBURN, Presiding Judge.

Following a jury trial, Garard Toddrick Taylor was convicted of two counts of aggravated assault.[1] He now appeals from the trial court's denial of his new trial motion, asserting that the evidence was insufficient to sustain his convictions. We disagree and affirm.

"In determining the sufficiency of the evidence to sustain a criminal conviction, we view the record in the light most favorable to the verdict, and without affording the defendant a presumption of innocence." *Culver v. State*.[2] So viewed, the evidence shows that on March 31, 2002, Taylor, Ryan Washington ("Ryan"), and Andre Washington ("Andre") were all attending a celebration following an Easter Sunday baseball game. At approximately 9:00 p.m. that evening, Taylor drove his truck to near where Ryan was standing and called him over. The two men began arguing and Taylor then exited his truck, carrying a gun. A mutual friend of Taylor and Ryan intervened and attempted to physically restrain Taylor. Although Taylor initially retreated back toward his truck, he "broke away" from the mutual friend and ran toward Ryan, firing his gun. One of Taylor's shots hit Ryan and another hit Andre, who was standing several feet away. Taylor then returned to his truck and drove away with two other friends.

Taylor was subsequently arrested and charged with two counts of aggravated assault. Following his conviction, Taylor filed a motion for a new trial. The trial court denied that motion, and this appeal followed.

To convict Taylor of aggravated assault as indicted here, the State was required to prove that he assaulted both Ryan and Andre by firing a gun at them. See OCGA § 16-5-21 (a) (2). "As long as there

---

[1] OCGA § 16-5-21 (a) (2).
[2] *Culver v. State*, 290 Ga. App. 321 (659 SE2d 390) (2008).

is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, we must uphold the jury's verdict." (Punctuation omitted.) *Cochran v. State*.[3] Here, Taylor argues that the State failed to prove that he was the person who shot Ryan and Andre. In support of this claim, Taylor cites: (1) the lack of physical evidence linking him to the crime; (2) the testimony of two witnesses who stated that they did not see Taylor firing any shots; (3) Andre's testimony that he did not see who shot him; (4) the evidence allegedly showing that Ryan had a motive to falsely accuse Taylor of being his assailant; and (5) Taylor's own trial testimony, in which he admitted his presence at the scene but denied shooting Ryan and Andre.

The obvious flaw in Taylor's argument is that it ignores the evidence which supported his convictions. That evidence included the testimony of no fewer than three eyewitnesses who each identified Taylor as the man who shot Ryan and Andre. This testimony, even though contradicted by that of Taylor, was sufficient to convict Taylor of aggravated assault. See OCGA § 24-4-8 ("[t]he testimony of a single witness is generally sufficient to establish a fact"); *Culver*, supra, 290 Ga. App. at 322. "That some evidence offered by a witness seems contradictory to . . . some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the [jury] to determine to what evidence it gives credence." (Punctuation omitted.) *Evans v. State*.[4]

Additionally, Taylor's argument fails to acknowledge that his own testimony, which was the only evidence offered to rebut the State's case, was impeached by the prosecutor. Specifically, the State introduced a prior inconsistent statement that Taylor gave to the police regarding the incident, in which he denied even being present at the scene. The prosecutor also got Taylor to admit that he had consumed at least eight beers in the six hours immediately preceding the shootings.

For the reasons set forth above, we affirm the trial court's order denying Taylor's motion for a new trial.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED FEBRUARY 17, 2009.

*John C. Culp*, for appellant.

---

[3] *Cochran v. State*, 277 Ga. App. 251 (626 SE2d 217) (2006).
[4] *Evans v. State*, 225 Ga. App. 589, 590 (1) (484 SE2d 320) (1997).

YALE LAW LIBRARY

158

2

158

16

*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.