A10A0205. WATSON v. THE STATE.
(689 SE2d 104)

BLACKBURN, Presiding Judge.

Following a jury trial, Travis Watson appeals his conviction on four counts of aggravated assault[1] and on one count of possessing a firearm during the commission of a crime.[2] Pointing to several alleged factual deficiencies in the State's case, he challenges only the sufficiency of the evidence. Because the evidence amply sufficed to sustain the verdict, we affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[3] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[4]

So viewed, the evidence shows that on May 31, 2005, a man

---

[1] OCGA § 16-5-21 (a) (2).
[2] OCGA § 16-11-106 (b) (1).
[3] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

entered the lobby of a Red Roof Inn and demanded from the desk clerk that she return to him his cash deposit for some movies. When the desk clerk asked the man for identification, the man became angry, cursing and threatening the clerk. The motel manager came forward from her office to resolve the situation, but the man continued his cursing and threats, resulting in the manager's calling the police. Overhearing the call to the police, the man picked up a glass bowl and hurled it at the manager's head. The bowl struck the manager's left hand (which was raised in a protective gesture), breaking a finger in that hand, and then shattered as it struck and injured the manager's head and spine. A motel guest entered the lobby during the melee, witnessing the violence.

At this point, the man drew a gun, pointing it at all three people and yelling, "I'm going to kill you all." He then ran from the motel. The motel guest wrote down the tag number of the car in which the man escaped. A video surveillance machine captured portions of the incident on tape.

The tag number showed the vehicle was registered to Watson, and based on a photographic lineup, the manager identified Watson as the perpetrator, all of which led to Watson's arrest. Indicted on four counts of aggravated assault (throwing the glass bowl at the manager and threatening the three victims with the gun) and on one count of possessing a firearm during the commission of a crime, Watson argued at trial that he was not the perpetrator. A jury found him guilty on all counts. On appeal, Watson challenges the sufficiency of the evidence.

"Under the Code, aggravated assault has two essential elements: (1) an attempt to commit a violent injury, or an act that places another in reasonable apprehension thereof, and (2) that the assault was aggravated by either (a) an intention to murder, rape or rob, or (b) the use of a deadly weapon" or an object that likely could or actually did result in serious bodily injury. (Punctuation and emphasis omitted.) *Coney v. State*.[5] See OCGA § 16-5-21 (a). Regarding possession of a firearm, OCGA § 16-11-106 (b) is violated by "[a]ny person who shall have on or within arm's reach of his or her person a firearm . . . during the commission of . . . [a]ny crime against or involving the person of another. . . ."

Watson first challenges the conviction of aggravated assault involving his throwing the glass bowl at the manager. He claims initially that no evidence showed that the manager was placed in reasonable apprehension of a violent injury. But the State was only required to show "an attempt to commit a violent injury, *or* an act

---

[5] *Coney v. State*, 290 Ga. App. 364, 366 (1) (659 SE2d 768) (2008).

that places another in reasonable apprehension thereof." (Punctuation omitted; emphasis supplied.) *Coney*, supra, 290 Ga. App. at 366 (1). "Therefore, a victim's apprehension of receiving a violent injury is not an essential element of an assault in which it is alleged that the defendant actually attempted to commit a violent injury to the person of the victim." (Punctuation omitted.) *Brinson v. State*.[6] Watson's hurling the bowl at the manager's head constituted an actual attempt to commit a violent injury to the person of the manager. Moreover, the manager's act of raising her hand protectively showed apprehension of violent injury on her part.

Watson then contends that insufficient evidence showed that the glass bowl was an "object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). Specifically, he claims that the manager was incompetent to testify that her finger was broken as a result of the bowl's impact and that her head and spine were injured. But the State was only required to show that the thrown bowl was likely to result in serious bodily injury, not that it actually caused such injury. See *Peterson v. State*[7] ("[t]here is no requirement that a victim be actually injured and the crime is complete without proof of injury") (punctuation omitted). Moreover, victims of crimes are competent to testify as to the injuries they suffered during an assault. *Jones v. State*.[8]

Watson next argues that the evidence showed he threatened to kill only the manager, even though the aggravated assault charges involving the desk clerk and the motel guest alleged he threatened them in addition to pointing the gun at them. The manager testified, however, that Watson threatened to kill "all" three of them while pointing the gun at them. Moreover, "[w]here conjunctive pleadings set forth more than one act by which the accused committed the crime, the evidence is sufficient so long as it shows at least one of the acts alleged." *Straker v. State*.[9] See *Wilson v. State*[10] ("[i]f a crime may be committed in more than one way, it is sufficient for the State to show that it was committed in any one of the separate ways listed in the indictment, even if the indictment uses the conjunctive rather than disjunctive form"). Because pointing the gun at the victims was one way of establishing aggravated assault, see *Willingham v. State*[11] ("the presence of a gun would normally place a victim in reasonable

[6] *Brinson v. State*, 272 Ga. 345, 347 (1) (529 SE2d 129) (2000).

[7] *Peterson v. State*, 204 Ga. App. 532, 533 (1) (419 SE2d 757) (1992).

[8] *Jones v. State*, 294 Ga. App. 564, 567 (2) (669 SE2d 505) (2008).

[9] *Straker v. State*, 259 Ga. App. 904, 905-906 (a) (578 SE2d 568) (2003).

[10] *Wilson v. State*, 234 Ga. App. 375, 375 (1) (506 SE2d 882) (1998).

[11] *Willingham v. State*, 281 Ga. 577, 579 (642 SE2d 43) (2007).

apprehension of being injured violently") (punctuation omitted), whereas threatening to kill them while pointing the gun at them was a second way, the evidence of the verbal threat — even though included conjunctively in the indictment — was unnecessary to sustain the convictions.

Finally, Watson claims that insufficient evidence showed either that he was the perpetrator of the assaults or that he possessed a firearm during the crimes. Yet, in addition to the videotape, all three victims identified Watson in court as the perpetrator, and all three confirmed that he pointed a gun at them. This testimony was sufficient to convict Watson of aggravated assault and of possession of a firearm during the commission of a crime. See OCGA § 24-4-8 ("[t]he testimony of a single witness is generally sufficient to establish a fact"); *Taylor v. State*[12] (identification testimony of three eyewitnesses sustained verdict of aggravated assault).

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED DECEMBER 30, 2009.

*Brown & Gill, Angela B. Dillon*, for appellant.
*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.

---

[12] *Taylor v. State*, 296 Ga. App. 156, 157 (674 SE2d 47) (2009).