## S96A0385. GREEN v. THE STATE.
(468 SE2d 365)

BENHAM, Chief Justice.

We affirm appellant Walter Green's conviction for the felony murder of a one-year-old child left in his care.[1] The underlying felony is cruelty to children. OCGA § 16-5-70 (b).

The State presented evidence that appellant shared his mobile home with a woman and her one-year-old and three-year-old daughters. On December 4, 1993, the woman left the children in Green's care. Approximately three hours later, the one-year-old child was pronounced dead at a local hospital. Local police and U. S. Army CID personnel interviewed appellant several times. Initially, he told them that he had found the child not breathing in her room, and unsuccessfully attempted to resuscitate her. When confronted with evidence of abdominal bruising on the child, appellant admitted to investigators that he had lost patience with the child and struck her four times in the stomach with his fist, whereupon she had stopped breathing and had not responded to his efforts at cardiopulmonary resuscitation. He enlisted a neighbor to drive him and the victim to the local hospital where he was told she was dead. Appellant testified at trial and admitted he had deliberately struck the child in the stomach three or four times out of frustration, but had not intended to harm her. The State and appellant stipulated that the forensic pathologist who performed the autopsy of the child determined the cause of death to be extensive hemorrhaging in the peritoneal cavity caused by the child's lacerated liver which resulted from blunt-force abdominal injuries to the child. The doctor opined that the fatal injuries were consistent with the child having been struck with a fist in the abdomen, and that

---

[1] The crime occurred on December 4, 1993, and appellant was arrested shortly thereafter. He was released on $50,000 bond in February 1994, and indicted for malice murder on June 2, 1994. Following his trial on January 25-26, 1995, appellant was convicted of felony murder and sentenced to life imprisonment. Trial counsel filed a motion for new trial on February 1, 1995, which was denied October 21. A timely notice of appeal was filed November 20, 1995, and the appeal was docketed in this Court on December 4, 1995. The appeal was submitted on briefs.

the evidence suggested more than one blow had been inflicted.

1. On appeal, appellant asserts the evidence presented by the State was not sufficient to sustain his conviction because there was no evidence that he deliberately intended to cause harm to the child. It is not necessary to establish that appellant struck the child with the "deliberate intent" of inflicting excessive physical pain. *Rigenstrup v. State*, 197 Ga. App. 176 (4) (398 SE2d 25) (1990). Rather, the jury was entitled to conclude that appellant, a 6′3″, 195-pound adult, maliciously caused the child to suffer excessive physical pain when he repeatedly struck the one-year-old wilfully and wantonly " 'with an awareness of a plain and strong likelihood that such harm may result.' [Cit.]" *Jones v. State*, 263 Ga. 835, 839 (439 SE2d 645) (1994). The evidence was sufficient to authorize the jury to conclude beyond a reasonable doubt that appellant was guilty of felony murder, with cruelty to children as the underlying felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Contrary to appellant's assertion, the trial court did not err in failing to give a jury instruction defining the term "maliciously" as used in OCGA § 16-5-70 (b), the statute which defines and prohibits cruelty to children. As we held in *Jones v. State,* supra, 263 Ga. at 838, "the term 'maliciously' as used in the cruelty to children statute . . . is of such obvious significance and common understanding that there is no need to define it in the jury charge. [Cits.]"

3. Lastly, appellant takes issue with the admission of three pre-autopsy photographs of the victim taken 24 hours after her death while she lay on the pathologist's table. The photos show the child's bruises and distended stomach. Pre-autopsy photos which show the location and nature of wounds are relevant. *Isaac v. State*, 263 Ga. 872 (3) (440 SE2d 175) (1994); *Graves v. State*, 260 Ga. 779 (4) (399 SE2d 922) (1991). The photographs did not depict the body after its state had been changed by authorities or the pathologist. Compare *Brown v. State*, 250 Ga. 862 (5) (302 SE2d 347) (1983). The fact that the photos may have shown the body with the stomach more swollen and the bruises more distinct than was the case immediately after the child died did not make the photos inadmissible since " 'mutilation of [the] victim resulting from the crime against [her] may . . . have relevance to the trial of [the] alleged assailant.' [Cit.]" *Bromley v. State*, 259 Ga. 377 (8) (380 SE2d 694) (1989), where this Court found no error in the admission of photos of the partially decomposed body of the child victim.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 8, 1996.

*Ratcliffe, Smith & Rose, Charles P. Rose, Jr.,* for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.