S96A0597. PREDDIE v. THE STATE.
(468 SE2d 746)

THOMPSON, Justice.

Olson Preddie was indicted and charged with malice murder and felony murder, with cruelty to children as the underlying felony, in the death of Keyanna Lee, a two-year-old child. The jury found Pred-

die guilty of felony murder and he was sentenced to prison for life. This appeal followed the denial of his motion for new trial.[1]

Preddie lived with his girl friend, Caravan Lee, and her three children. When Ms. Lee went out of town to attend a funeral, she left her children in Preddie's care. The next day, Preddie summoned paramedics, claiming Keyanna drowned in the bathtub. The paramedics tried to revive the child and rushed her to the hospital where, after approximately 30 minutes, she was pronounced dead. Because the child suffered bruises to her head, legs and buttocks, and because it did not appear that she had drowned, the emergency room physician told the hospital staff to notify the police.

Preddie gave a statement in which he admitted that the child had been in his care and that he spanked her and hit her with a comb on the buttocks. He insisted, however, that the child had drowned, and that he did not know why she would have had bruises on her head. The child's six-year-old brother testified that he heard Preddie beating the child after he told Preddie that she wet her pants. The medical examiner determined that the child died as a result of multiple blows to her head.

1. The evidence, which demonstrated that Preddie beat the child excessively and cruelly, resulting in her death, was sufficient to enable any rational trier of fact to find Preddie guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jones v. State*, 263 Ga. 835, 837 (1) (439 SE2d 645) (1994).

2. Asked if she had any objections to the charge, Preddie's counsel simply replied, "No exceptions. . . ." On appeal, Preddie asserts the trial court erred in failing to give a requested charge on "two equal theories" and in charging that the underlying felony, cruelty to children, includes excessive physical or mental pain. We cannot consider these enumerated errors because Preddie waived any right to raise these issues. *Devoe v. State*, 249 Ga. 499 (292 SE2d 72) (1982).

3. Preddie asserts his trial counsel was ineffective because she failed to preserve objections to the charge. See *Devoe v. State*, supra. To show inadequacy of trial counsel, a defendant must establish not only that counsel's conduct fell below an objective standard of reasonableness, but, further, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

---

[1] The murder occurred on August 22, 1992, and Preddie was indicted on September 3, 1992. The case was tried on June 1-4, 1993, and Preddie was sentenced on June 4, 1993. His timely filed motion for new trial was denied on March 22, 1994. Preddie appealed to the Court of Appeals on April 4, 1994, and the case was docketed in that court on December 27, 1995. The case was transferred to this Court on January 4, 1996, and docketed on January 5, 1996. It was submitted for consideration on briefs on February 26, 1996.

have been different. *Bowley v. State*, 261 Ga. 278, 280 (404 SE2d 97) (1991). Preddie asserts the result of the proceeding would have been different if his counsel had not waived objections to the charge because the charge was erroneous in two respects. First, Preddie claims the trial court's charge led the jury to believe he could have been convicted of felony murder by inflicting mental pain upon Keyanna even though the indictment specified he inflicted physical pain upon her. Second, he asserts the trial court should have given a requested "two equal theories" charge.

(a) The trial court charged the jury that the underlying felony, cruelty to children, includes excessive physical or mental pain. However, the indictment only charged Preddie with physical abuse of the child. Citing *Peters v. State*, 261 Ga. 373, 376 (3) (405 SE2d 255) (1991), Preddie contends the trial court erred because it failed to limit its instruction concerning the underlying felony to the manner specified in the indictment.

In *Peters*, the nine-year-old victim's nude body was found in a house where she had lived with the defendant and her sister. The cause of death was strangulation. The defendant was indicted for four separate counts of felony murder, the underlying felonies being aggravated assault, cruelty to a child, child molestation, and enticing a child for indecent purposes. As to the underlying felony of aggravated assault, the indictment alleged that the defendant caused the death of the victim by strangulation. However, the trial court charged the jury that aggravated assault can be committed by assaulting another person *with the intent to rape* or with any object which when used offensively is likely to result in serious bodily injury. This Court concluded that the charge was erroneous because it led the jury to believe it could find the defendant guilty of felony murder if he assaulted the victim with intent to rape even though the indictment failed to put the defendant on notice that he could be convicted of that crime. Moreover, the error was deemed harmful because it could not be determined whether the jury impermissibly found the underlying felony to have been committed in the specific way alleged in the indictment or the alternative way offered in the court's charge. Id. at 376.

In contrast to *Peters*, supra, the charge in this case was not harmful. The State's evidence was tailored to prove only physical abuse; no evidence of mental pain was introduced. Thus, the jury could not have been misled by the charge; it had to have based its verdict on infliction of physical abuse as charged in the indictment.

(b) Preddie's contention that the trial court erred in failing to give a requested "two equal theories" charge is without merit. The trial court properly instructed the jury on circumstantial evidence. Accordingly, it did not err in refusing to give a requested "two equal theories" charge. *Smith v. State*, 264 Ga. 857, 860 (4) (452 SE2d 494)

(1995).

Preddie was not prejudiced by the charge in any respect. Thus, Preddie failed to establish that there is a reasonable probability that the result of the proceeding would have been different if his trial counsel had preserved objections to the charge.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 1996.

*W. Keith Davidson,* for appellant.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney, Michael J. Bowers, Attorney General, Caroline W. Donaldson, Assistant Attorney General,* for appellee.