## S01A1244. ALEXANDER v. THE STATE.
(561 SE2d 64)

BENHAM, Justice.

Appellant Tangie Tequila Alexander was convicted of felony murder/cruelty to children in connection with the death of her three-year-old son, and two counts of cruelty to children in which Alexander's 19-month-old daughter, Sterling, was the victim. Appellant was jointly indicted and tried with Andre Earl McClellan.[1]

Police and paramedics testified they responded to an emergency

---

[1] The crimes occurred on January 14, 2000, and the grand jury returned a true bill of indictment on July 12, 2000. Appellant and McClellan were jointly tried November 13-14, and 16-17, 2000. The jury verdicts were filed November 20, and appellant's sentences were filed on November 28. Appellant filed a notice of appeal on December 14, 2000. The appeal was docketed in this Court on May 16, 2001, and submitted for decision on the briefs.

call near midnight January 14, 2000, at a Clayton County residence inn where they found the three-year-old victim naked, not breathing, without a pulse, and with cold and clammy skin. The child was taken to a local hospital where he was pronounced dead. The forensic pathologist who performed the autopsy testified that the child bled to death internally as a result of a blunt force trauma to the abdomen which lacerated the child's liver and caused hemorrhaging in the pancreas, right adrenal gland, stomach, and peritoneal cavity. The expert testified the fatal injuries were consistent with the child having been struck in his abdomen by a fist within two hours of his death, and a dark bruise on the skin covering the abdomen was consistent with such a trauma. The autopsy examination also revealed that the child had suffered blunt force trauma to his head, neck, sternum, hips, shin, thigh, and arm, and his back and buttocks had contusions, possibly caused by a coat hanger. The injuries to the buttocks extended into the subdermal fatty tissue and were from severe blows administered within a day of the child's death.

An investigating officer testified that co-defendant McClellan stated in an interview at the hospital that the child had wheezed and passed out after he had "whipped" the child by making a fist and striking the child several times with a "jolting" punch. He also told the officer emergency personnel had been called when appellant Alexander's attempts to revive the child by putting him in the shower were unavailing. The day following her son's death, appellant Alexander told authorities she had returned to the motel room from work around 9:00-9:30 p.m. and been told by McClellan that he had punched the child in the chest because the child had wet his pants. The child seemed fine upon her return, but later complained that his stomach hurt. He started wheezing, became pale, and stopped breathing. Alexander reported that McClellan had previously disciplined Timothy by punching him in the chest, and admitted she had used a tree switch, 12″-18″ long, on her son's buttocks earlier that day (around 11:00 a.m.) because he had wet his pants. McClellan stated Alexander had used a luggage pull-strap McClellan provided to strike the child earlier that day. McClellan also stated that Alexander had gotten upset when, upon her return from work at 9:00 p.m., he told her that Timothy had again wet his pants. According to McClellan, Alexander then took the child into the bathroom to discipline him and McClellan heard noises that sounded as if the child were being slapped and punched, and heard the child crying. At trial, McClellan testified that he had "tapped" Timothy twice on the chest that day for wetting his pants.

1. (a) The evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant Alexander was guilty of felony murder, with the underlying felony being cruelty

to children. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Green v. State*, 266 Ga. 550 (1) (468 SE2d 365) (1996). The State presented evidence that both defendants had engaged in physical abuse of the three-year-old victim and that both were in the motel room during the period of time in which the blow that resulted in the child's death was struck. Each defendant gave statements to police and testified at trial that the other had punched the child, and the jury was instructed on the law concerning parties to a crime.

(b) Appellant was also convicted of cruelty to a child in the first degree with Alexander's 19-month-old daughter, Sterling, as the victim. First degree cruelty makes it unlawful for a person to maliciously cause a child under age 18 cruel or excessive physical or mental pain. See OCGA § 16-5-70 (b). The State must present evidence "establishing the age of the child, that the child suffered physical or mental pain, that the pain was cruel or excessive, that the defendant caused the pain, and that the defendant acted maliciously in so doing." *Brewton v. State*, 266 Ga. 160 (1) (465 SE2d 668) (1996). The State presented evidence that Sterling was placed in protective custody at an emergency children's shelter within hours of her brother's death. A pediatric physician who made a physical examination of Sterling the next day testified that Sterling had marks on her legs consistent with being hit with a luggage pull-strap five-ten times in the last five days. She also had bruises on her thighs, chest, torso, and behind her knees. McClellan testified that Alexander had told him she had "whipped" Sterling that day. The pediatrician who examined Sterling stated the blows would have caused the child pain and, while unable to say whether the pain could be described as extreme or excessive, said it would result in the child crying. What constitutes cruel or excessive physical pain is for the jury to determine. *Hopkins v. State*, 209 Ga. App. 376 (1) (434 SE2d 74) (1993). Taking into account the age of the child, the extent of her injuries, and the testimony that infliction of the blows that caused the injury would have been painful enough to the child to have caused her to cry, we conclude the evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellants caused the child to suffer cruel or excessive pain. See *Sims v. State*, 234 Ga. App. 678 (1) (507 SE2d 845) (1998). Because the State is not restricted to proving an offense occurred on the date alleged in the indictment when the indictment does not specifically allege the date of the offense is material, the State did not have to prove that Sterling suffered abuse on January 14. *Ledesma v. State*, 251 Ga. 885 (1) (a) (311 SE2d 427) (1984).

(c) Appellant Alexander was also convicted of cruelty to a child in the second degree, with Sterling as the victim. A child is the victim of

second degree child cruelty when that child witnesses the commission of a forcible felony or battery on another, and the perpetrator of the forcible felony or battery knows the child witness is present and can see or hear the act. OCGA § 16-5-70 (c) (2); *Reyes v. State*, 250 Ga. App. 769 (552 SE2d 918) (2001) (defendant repeatedly struck woman with a belt knowing her two-year-old son was present and watching, as evidenced by the woman's testimony that her child cried while watching the incident); *Bartlett v. State*, 244 Ga. App. 49 (537 SE2d 362) (2000) (defendant pointed a rifle at a man's head and threatened to kill him while the victim's two sons, ages four and eight, screamed and begged the defendant not to kill their parents). See also *Respres v. State*, 244 Ga. App. 689 (536 SE2d 586) (2000) (trial court directed a verdict of acquittal of second degree child cruelty charge where the defendant stabbed 14-year-old child's mother while the child was in another room of the house). In the case at bar, the evidence was sufficient to authorize appellant's conviction because the jury was authorized to infer from the evidence that 19-month-old Sterling was present and awake and saw or heard the physical assaults on her sibling.

2. Alexander contends the trial court erred when it declined to give a jury instruction on reckless conduct as an offense included in cruelty to children. Alexander contends she was guilty only of contributing to her son's death by consciously disregarding a substantial risk to her son's safety and leaving her children with McClellan who she knew had been violent toward her children in the past. The record contains no written request for a charge on the law of reckless conduct.[2] " 'Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error. (Cit.)' [Cit.]" *Brown v. State*, 269 Ga. 67, 69 (2) (495 SE2d 289) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 2002.

*Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, Jay M. Jackson, Assistant*

---

[2] The record does contain a written request to charge entitled "Lesser Offense Verdict Form," the substance of which instructs the jury that, should the jury not believe beyond a reasonable doubt that Alexander was guilty of murder, felony murder, aggravated battery, or cruelty to children, it would be authorized to find appellant guilty only of reckless conduct and the form of the verdict would be: "We the jury, find the Defendant guilty of reckless conduct." This requested charge is not a request to charge on the law of reckless conduct. Compare OCGA § 16-5-60 (b). Cf. *Dukes v. State*, 224 Ga. App. 305 (6) (480 SE2d 340) (1997).

*District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.