## S02A1897. SEAY v. THE STATE.
(576 SE2d 839)

THOMPSON, Justice.

Lewis Wayne Seay was convicted by a jury of malice murder and possession of a gun during the commission of a crime, in connection with the shooting death of Edna Denise Johnson.[1] His sole contention on appeal is that the trial court erred in failing to charge the jury on the lesser included offense of involuntary manslaughter. Finding no error, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that Seay and his girlfriend Johnson, who were both drinking heavily, got into an argument in their trailer home. During the course of the argument, Johnson was shot through her nostril; the bullet lodged inside the top of her skull, killing her. Seay drove from the trailer park at a high rate of speed to a nearby store where he called 911 from his cell phone, reporting that a woman had been shot. Seay then encountered his niece who asked of Johnson's whereabouts. He responded that Johnson was back at the trailer; he made no mention of an injury or accident. Seay fled from Georgia and drove to Texas where he abandoned his car. Approximately three months later, he surrendered to authorities in Sarasota, Florida.

---

[7] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[1] The shooting took place on August 5, 2001. An indictment was returned on January 8, 2002, charging Seay with malice murder, possession of a weapon during the commission of a crime, and possession of a firearm by a convicted felon. On April 19, 2002 a mistrial was declared when the jury was unable to reach a verdict. A second trial commenced on May 20, 2002. On May 22, 2002, Seay was found guilty of malice murder and possession of a gun during the commission of a crime. The remaining count of possession of a firearm by a convicted felon was disposed of by the entry of a nolle prosequi. Seay was sentenced on May 22, 2002 to life imprisonment for murder plus five consecutive years for weapon possession. A notice of appeal was filed on June 4, 2002. The case was docketed in this Court on August 26, 2002, and was submitted for a decision on briefs on October 21, 2002.

Seay testified at trial that he and Johnson were struggling over the gun when it accidentally discharged. The State produced witnesses who claimed that Seay had confessed to intentionally killing Johnson.

1. The evidence was sufficient for a rational trier of fact to have rejected Seay's defense of accident and to have found him guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Seay asserts that he was entitled to a jury instruction on the lesser included offense of involuntary manslaughter. He submits that his testimony regarding a struggle over the gun demonstrates the misdemeanor of simple assault or simple battery and authorizes a charge on an unintentional killing in the commission of a misdemeanor.

Seay never submitted a written request to charge on the lesser included offense of involuntary manslaughter. "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error." *Howe v. State*, 250 Ga. 811, 813 (2) (301 SE2d 280) (1983). Seay, however, submits that he is relieved of this duty because "the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." (Punctuation omitted.) *Camphor v. State*, 272 Ga. 408, 414 (6) (b) (529 SE2d 121) (2000). Not only is this rare exception inapplicable, the evidence does not warrant the charge even if it had been requested. It was shown at trial that Seay either committed the offense of malice murder, or that the pistol discharged accidentally and no crime occurred.[2] No evidence was proffered to show that the misdemeanor offense of simple battery or simple assault occurred.[3] "Where, as here, the evidence establishes either the commission of the completed offense as charged, or the commission of no offense, the trial court is not authorized to charge the jury on a lesser included offense." *Cotton v. State*, 274 Ga. 26, 27 (2) (549 SE2d 71) (2001). Accord *Martin v. State*, 268 Ga. 682 (7) (492 SE2d 225) (1997); *Mason v. State*, 267 Ga. 314 (3) (477 SE2d 568) (1996); *Rowe v. State*, 266 Ga. 136 (3) (464 SE2d 811) (1996).

Since a charge on involuntary manslaughter was neither authorized by the evidence, nor requested, the failure to give such an instruction was not error.

*Judgment affirmed. All the Justices concur.*

---

[2] The jury was properly instructed on both malice murder and accident.

[3] During the charge conference, the trial judge ruled that the evidence in the case, including Seay's testimony and cross-examination, did not require a charge on involuntary manslaughter.

DECIDED JANUARY 27, 2003.

*Wood, Odom & Edge, Arthur B. Edge IV*, for appellant.

*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.