## S03A0731. ARMSTRONG v. THE STATE.
### (587 SE2d 5)

FLETCHER, Chief Justice.

A jury convicted Larry Armstrong of malice murder in connection with the beating death of Albert Davis.[1] Armstrong appeals, contending that the trial court erred in its jury instructions and in admitting evidence of prior difficulties. Because the record shows the trial court's instructions and rulings were not error, we affirm.

1. The evidence at trial showed that Armstrong and Davis had

---

[1] The crime occurred December 17, 1999. The grand jury indicted Armstrong on February 15, 2001 for malice murder, felony murder, and armed robbery. Following a trial on January 8-11, 2002, the jury found Armstrong guilty of malice and felony murder and acquitted him of armed robbery. On January 17, 2002, the trial court sentenced Armstrong to life imprisonment for malice murder. Armstrong filed a motion for new trial on January 18, 2002, which was denied in an appropriately timely fashion on October 1, 2002. Armstrong filed his notice of appeal on October 29, 2002, the appeal was docketed in this Court on January 31, 2003, and submitted for decision without oral argument on March 24, 2003.

known each other, but that their relationship had become strained. On December 17, 1999, Armstrong and Rodney Williams approached Davis' house and asked for a drink of water. Davis opened the door wide enough to hand a cup of water to Armstrong. When Armstrong returned the cup, Davis rubbed Armstrong's face. Williams became enraged, pushed the door open, and began beating Davis. Armstrong also began punching Davis, hit him with a beer bottle, and kicked him while he lay on the ground. Davis died of blunt force trauma shortly after Armstrong and Williams left.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that any rational trier of fact could have found Armstrong guilty beyond a reasonable doubt of the crime for which he was convicted.[2]

2. Armstrong contends that the trial court's instructions and the verdict form required the jury to agree on the greater offense of murder before considering the lesser-included offense of involuntary manslaughter. A trial court may instruct a jury to consider a greater offense before it considers a lesser offense.[3] A trial court may not, however, instruct the jury that it must reach a unanimous verdict on the greater offense before considering the lesser offense.[4] The record in this case demonstrates that neither the trial court nor the verdict form required the jury to reach a unanimous verdict on the greater offense before considering the lesser-included offense. Therefore, no reversible error exists with respect to this issue.

3. Armstrong also challenges the admission of hearsay testimony under the necessity exception regarding prior difficulties between him and the victim. Prior to admitting the evidence, the trial court heard a proffer of the testimony outside the presence of the jury and required the State to identify the limited purpose for which the evidence would be offered. The trial court concluded that the State had met its burden of establishing the need for the evidence, its relevance, and its trustworthiness.[5] After a review of the record, we conclude that the trial court did not err in allowing the admission of the testimony.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003.

*Ray B. Gary, Jr., Jill E. Stahlman*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Patricia G.*

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Yeager v. State*, 274 Ga. 216, 219 (552 SE2d 809) (2001).

[4] Id.; *Camphor v. State*, 272 Ga. 408, 415 (529 SE2d 121) (2000).

[5] See *Chapel v. State*, 270 Ga. 151, 155-156 (510 SE2d 802) (1998).

Hull, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General, for appellee.