S03A1378. KENNEDY v. THE STATE.
(592 SE2d 830)

BENHAM, Justice.

Appellant Jason Steven Kennedy was convicted of the felony murder of Caitlyn Cawthon, the 19-month-old daughter of his girl-friend, with the underlying felony being cruelty to children.[1]

Emergency medical personnel were called to a Columbia County apartment where they found the child without a pulse and not breathing. The child was transported to a hospital where efforts to resuscitate her failed and she was pronounced dead. An autopsy performed the next day revealed a large subgaleal hematoma, an epidural hematoma, and subperiosteal bleeding. The medical examiner who performed the autopsy concluded the child's death was the result of repeated blunt force trauma to the head that caused brain swelling and was an inflicted, non-accidental injury. The medical experts testified the lethal blows caused injury similar to that a child might receive in a fall from 10-30 feet or that which an unrestrained child would suffer in a car accident. The injuries were of such severity that the child would have been incapacitated and rendered incapable of meaningful activity. Based on statements of the child's

---

[1] The child died on July 12, 1996, and appellant was arrested on July 17, 1996. A grand jury in Columbia County returned a true bill of indictment charging appellant with malice murder and felony murder/cruelty to children on December 18, 1996. Trials in September 1997, January 1999, and June 1999, each ended in mistrial due to the jury's inability to reach a verdict. This trial commenced on January 29, 2001, and concluded on February 2, 2001, when the jury returned its verdict acquitting him of malice murder and convicting him of felony murder, for which he was sentenced to life imprisonment on February 12, 2001. A motion for new trial, filed on February 19, 2001, and amended on April 25 and April 29, 2003, was denied by the trial court on May 12, 2003. A notice of appeal was timely filed on May 27, 2003, and the appeal was docketed in this Court on June 4. It was orally argued on September 9, 2003.

mother and appellant to medical personnel and law enforcement officers that the child was alert and active 55 minutes before she died, medical experts opined that the fatal blows were inflicted on the child within the last hour of her life. When the child's mother left the child in appellant's care at 6:10 p.m. on July 11, the child was crying in her crib; when the child's uncle and a friend arrived about 15 minutes later, they were told by appellant the child was sleeping. The uncle and friend left approximately 30 minutes after they arrived, but before exiting the parking lot, were chased down by appellant who reported the child was blue and not breathing.

1. Appellant contends the evidence was insufficient to authorize a rational trier of fact to find him guilty beyond a reasonable doubt of felony murder based on the felony of cruelty to children because there was no evidence the child suffered pain or that appellant acted maliciously.

(a) Cruelty to children is statutorily defined as "maliciously caus[ing] a child under the age of 18 cruel or excessive physical or mental pain." OCGA § 16-5-70 (b). "What constitutes cruel or excessive physical pain is for the jury to determine" (*Alexander v. State*, 274 Ga. 787, 789 (1) (b) (561 SE2d 64) (2002)), taking into account generally-accepted societal norms. *Sims v. State*, 234 Ga. App. 678 (1) (507 SE2d 845) (1998). Appellant maintains there was no evidence from which the jury could conclude the child suffered pain since experts testified the blows inflicted on the child were of such severity the child was immediately rendered unconscious.

Appellant's contention is premised on the belief that the State must prove the child suffered pain in addition to proving that appellant's conduct caused pain. See *Brewton v. State*, 266 Ga. 160 (1) (465 SE2d 668) (1996). In point of fact, the two terms are synonymous, with the statutory element of the offense being that the defendant caused cruel or excessive physical or mental pain and one method of proving that element being presentation of evidence that the child exhibited signs of suffering pain. Accordingly, we will treat appellant's enumeration of error as contending the evidence was insufficient to authorize his conviction because there was no evidence from which the jury could conclude the child was caused excessive physical pain since experts testified the blows inflicted on the child were of such severity the child was immediately rendered unconscious.

While two of the State's three expert witnesses believed the child was rendered unconscious by the blows, a third expert, the medical examiner who performed the autopsy, testified the child "may very well have been dazed and concussed." However, jurors need not be presented with expert testimony that a particular action on the part of the defendant caused a child cruel or excessive physical pain since it is not beyond the ken of the average layperson presented with evi-

dence that a toddler died after being subjected to multiple severe blows to the head by an adult to decide whether the perpetrator caused the child cruel or excessive physical pain. Evidence of the child's age, the extent of her injuries, the nature of the assault to which the child was subjected, and the force with which the child was struck is sufficient evidence from which a jury, applying generally-accepted societal norms, can conclude whether the defendant caused the child cruel or excessive physical pain. See *London v. State*, 274 Ga. 91 (549 SE2d 394) (2001) (no mention of evidence that injuries caused deceased two-year-old victim pain); *Lucas v. State*, 273 Ga. 88 (538 SE2d 44) (2000) (no mention of evidence that injuries caused deceased victim pain); *Peters v. State*, 268 Ga. 414 (490 SE2d 94) (1997) (no mention that six-month-old deceased victim was caused pain by lethal blunt-force trauma); *Preddie v. State*, 266 Ga. 576 (1) (468 SE2d 746) (1996) (no mention of evidence that injuries caused one-year-old decedent pain); and *Wilson v. State*, 257 Ga. App. 242 (1) (570 SE2d 679) (2002) (no mention of evidence that three-month-old suffered pain from diaper rash).

(b) The mental state of a defendant required to be established to prove cruelty to children is " 'the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm, or the *wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm might result.*' " (Emphasis in original.) *Jones v. State*, 263 Ga. 835, 839 (439 SE2d 645) (1994). The jury was authorized to conclude that appellant's actions were malicious from the evidence that he, an adult, repeatedly struck the 19-month-old victim wilfully and wantonly with " 'an awareness of a plain and strong likelihood that such harm [might] result.' " *Green v. State*, 266 Ga. 550 (1) (468 SE2d 365) (1996). We conclude the evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of felony murder, with the underlying felony being cruelty to children. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court improperly singled out his testimony when it charged the jury: "When Defendant testifies, he becomes the same as any other witness . . . you have a right to take into consideration the fact that he is interested in the outcome of the prosecution." Contrary to appellant's assertion, the contested instruction "made it plain that the defendant's testimony was not to be given different treatment" from that of the other witnesses. *Larry v. State*, 266 Ga. 284, 287 (3) (466 SE2d 850) (1996). As we stated in *Larry*, the giving of the instruction is not error since the instruction " 'merely stated the self-evident fact of [Kennedy's] interest in the outcome of the case.' "

3. Appellant maintains the trial court committed reversible error when it defined felony murder as causing the death of another human being in the commission of a felony, irrespective of malice, but did not give a charge explaining the phrase "in commission of a felony" and the legal relationship that must exist between the felony and the death. See Suggested Pattern Jury Instructions, Vol. II, Criminal Cases, § 2.03.30 (3rd ed. 2003). Appellant acknowledges he did not submit a written request that such a jury instruction be given. See OCGA § 5-5-24 (b). The failure to give an unrequested charge is reversible error when " 'the omission is clearly harmful and erroneous as a matter of law in that [the charge as given] fails to provide the jury with the proper guidelines for determining guilt or innocence.' [Cit.]" *Seay v. State*, 276 Ga. 139, 140 (2) (576 SE2d 839) (2003); *Kitchen v. State*, 263 Ga. 629 (1) (436 SE2d 645) (1993). The charge as given informed the jury that appellant was charged with committing murder in the commission of the felony of cruelty to children resulting in the victim's death by blunt-force head trauma; that a person commits murder when, in the commission of a felony, that person causes the death of another human being; that cruelty to children was a felony; and that cruelty to children was committed when a person maliciously caused a child under the age of 18 cruel or excessive physical or mental pain. Inasmuch as the charge as given correctly set forth the elements of the crimes involved herein and their relationship to one another, the jury was provided with the proper guidelines for determining guilt or innocence, and the failure to give the missing charge was not reversible error. See *Camphor v. State*, 272 Ga. 408 (6) (b) (529 SE2d 121) (2000).

4. Lastly, appellant sees error in the trial court's grant of a motion in limine which prevented appellant from introducing into evidence a letter appellant had written to the victim after her death and had placed in her casket at her funeral. In the letter, appellant expressed his love for the child and his belief she was now serving a higher and mightier purpose. The trial court granted the motion on the ground that the letter was "self-serving hearsay." In *Parker v. State*, 276 Ga. 598 (2) (581 SE2d 7) (2003), we stated that "[s]elf-serving declarations . . . are inadmissible hearsay unless the declarant testifies and is subject to cross-examination." On appeal, appellant points out he testified at trial and asserts he therefore should have been permitted to introduce the letter as illustrative of his state of mind at the time the child died. Even assuming arguendo it was error to grant the State's motion in limine, that error would not constitute reversible error since the letter was cumulative of the testimony of appellant and others that appellant loved the victim and that she was an important and meaningful part of his life (*Brown v. State*, 258 Ga. App. 78 (4) (573 SE2d 110) (2002)), making it highly

probable that the exclusion of the letter did not affect the verdict. *Sturkey v. State*, 271 Ga. 572 (2) (522 SE2d 463) (1999).

*Judgment affirmed. All the Justices concur.*

FLETCHER, Chief Justice, concurring.

This case, in which the defendant claimed that the 19-month-old victim was unconscious and thus incapable of feeling pain, points out an anomaly in Georgia's cruelty to children statute. To obtain a conviction under OCGA § 16-5-70 (b), the State must prove that the defendant caused the child cruel or excessive physical or mental pain.[2] Thus, a person who intentionally abuses a child, but leaves no visible injuries, may be prosecuted under this statute. However, conduct that causes serious physical injury or even death is not, under the statute, "cruelty to children" unless the State can also prove the element of pain. Thus, a person who has intentionally caused serious injury to a child may avoid conviction under the cruelty to children statute if there is insufficient evidence that the child suffered pain. Because this anomaly may, in some circumstances, hinder the criminal prosecution of those who abuse children, I encourage the legislature to consider and address this issue.

DECIDED FEBRUARY 16, 2004.

*Garrett & Gilliard, Michael C. Garrett,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General,* for appellee.

---

[2] Compare OCGA § 19-7-5 (b) (3) (A) (for mandatory reporting purposes, "child abuse" is nonaccidental "physical injury or death inflicted upon a child by a parent or caretaker"); Ala. Code § 26-15-3 (felony child abuse committed when certain persons "torture, willfully abuse, cruelly beat or otherwise willfully maltreat any child"); Fla. Stat. § 827.03 (felony child abuse defined as "intentional infliction of physical or mental injury upon a child"); N.C. Gen. Stat. § 14-318.4 (felony child abuse committed when one "intentionally inflicts any serious physical injury upon or to the child"); Tenn. Code Ann. § 39-15-402 (aggravated child abuse committed when act of abuse "results in serious bodily injury to the child").