**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 15, 2019**

# In the Court of Appeals of Georgia

A19A2272. REASON v. THE STATE.

BARNES, Presiding Judge.

A jury found Richard Reason guilty of burglary in the second degree and obstruction of a law enforcement officer, and the trial court sentenced him as a recidivist under OCGA § 17-10-7 (a) and (c). Reason filed a motion for new trial, which the trial court denied. On appeal, Reason contends that the trial court committed plain error in its jury instruction on the manner in which jurors should consider criminal trespass as a lesser included offense of burglary. Reason also contends that the trial court erred in sentencing him as a recidivist under both subsections (a) and (c) of OCGA § 17-10-7. Upon our review, we affirm.

"Following a criminal conviction, the defendant is no longer presumed innocent, and we view the evidence in the light most favorable to sustain the verdict."

(Citation and punctuation omitted.) *Phillips v. State*, 347 Ga. App. 147, 147 (817 SE2d 711) (2018). So viewed, the evidence showed that around midnight on November 29, 2016, a homeowner in Chatham County got up from bed to use the restroom and looked out the window. The homeowner had a locked storage shed in her fenced backyard, but when she looked out the window, she noticed that the door to the shed was open and that a man whom she later identified as Reason was in the shed. She called the police, and two uniformed patrol officers quickly responded to the scene.

When the officers arrived at the residence and entered the backyard, they saw Reason coming out of the shed. Reason tried to walk away when the officers commanded him to "come here," and he struggled with the officers as they ordered him to stop resisting and tried to handcuff him. One of the officers took Reason to the ground, and the officers eventually were able to handcuff him even though he would not obey their commands. The officers then placed Reason in the back of their patrol car. Once in the car, Reason, who appeared highly intoxicated, made unprompted statements to one of the officers that he had been in the shed, that he tried to get a couple of items, that he was hiding out from some people who wanted to shoot him, that he was in a tough spot, and that he was trying to help his mother. Several items

2

belonging to the homeowner that had been in the shed were located on the other side of the fence in a neighbor's yard and were returned to the homeowner.

Reason was indicted on several charges, including burglary in the second degree and misdemeanor obstruction of a law enforcement officer.[1] At trial, the homeowner and the two responding officers testified to events as set out above, and the State played for the jury the recordings made from the body cameras worn by the officers. Reason elected not to testify and did not call any defense witnesses. He requested and received a jury charge on criminal trespass as a lesser included offense of burglary. After closing arguments and the charge of court, the jury found Reason guilty of burglary and obstruction.

At sentencing, the State introduced into evidence Reason's nine certified prior felony convictions. Pursuant to OCGA § 17-10-7 (a) and (c), the trial court sentenced Reason as a recidivist to 5 years in prison on the burglary charge and 12 months in prison on the obstruction charge, with the sentences to run consecutively.

---

[1] Reason was indicted on two additional charges: (1) theft by receiving stolen property based on a driver's license found on his person that belonged to someone else and (2) possession of drug-related objects. The trial court entered a nolle prosequi order on the charge of possession of drug-related objects. Reason was acquitted on the charge of theft by receiving stolen property.

1. Reason contends that the trial court erred when it instructed the jury on how it should consider criminal trespass as a lesser included offense of burglary on the verdict form. The verdict form read in relevant part:

Count One: Burglary in the Second Degree,
We the Jury find the defendant Richard Reason: __ not guilty __ guilty
Or Criminal Trespass (lesser included offense): __ not guilty __ guilty

During its charge to the jury, the trial court instructed:

Now, we will provide you the verdict form, and Count One reads: We, the jury, find the Defendant Richard Reason, it's not guilty or guilty. Now, if you find him guilty in burglary in the second degree, you do not consider whether or not he's guilty of criminal trespass. You would leave both blank, you would leave both lines blank on it, it's the next, criminal trespass. If you check "Not guilty" for burglary in the second degree, then you should consider whether he is guilty or not guilty of criminal trespass.

Reason concedes that because his trial counsel did not object to the instruction, he must prove plain error. According to Reason, the instruction on how to consider criminal trespass was plain error because, when coupled with the fact that the trial court also instructed the jury on the need for a unanimous verdict, the instruction implied that the jury had to reach a unanimous verdict on the burglary charge before the jury could consider the lesser included offense of criminal trespass.

4

"Under plain error review, reversal of a conviction is authorized if the trial court's instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." (Citation and punctuation omitted.) *Jackson v. State*, __ Ga. __ (3) (832 SE2d 809) (2019). See OCGA § 17-8-58 (b); *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011). Applying this standard, we discern no plain error in this case.

A trial court is authorized to instruct a jury to consider a greater offense before it considers a lesser included offense, *Cantrell v. State*, 266 Ga. 700, 703 n. 3 (469 SE2d 660) (1996), so long as the court does not go further and require the jury to reach an unanimous verdict on the greater offense before considering the lesser offense. Id. at 701-703. See *Armstrong v. State*, 277 Ga. 122, 122 (2) (587 SE2d 5) (2003). Thus, a trial court is entitled to instruct a jury that it "should not consider a lesser offense unless the defendant be found not guilty of the greater offense . . . so long as the court does not insist upon unanimity and is willing to accept a verdict on the lesser offense." *Cantrell*, 266 Ga. at 702, n. 2. See *Watson v. State*, 329 Ga. App. 334, 338 (3) (a) (765 SE2d 24) (2014), rev'd in part on other grounds, 297 Ga. 718 (777 SE2d 677) (2015) ("A sequential charge that instructs the jury to consider a

5

lesser offense only if it did not believe the defendant to be guilty of the greater offense, is acceptable so long as the trial court does not insist upon unanimity with regard to the jury's decision on the greater offense.") (citation and punctuation omitted).

The instruction at issue here was a sequential charge that instructed the jury to first consider the greater offense of burglary and then consider the lesser offense of criminal trespass if it found Reason not guilty of the greater offense. In this respect, the jury instruction was consistent with instructions upheld in several previous cases. See, e.g., *Arrington v. Collins*, 290 Ga. 603, 607-608 (3) (724 SE2d 372) (2012) (no error in instructing jury "that it could consider the lesser-included offense of simple possession if it first found [defendant] not guilty of trafficking"); *Camphor v. State*, 272 Ga. 408, 414-415 (6) (d) (529 SE2d 121) (2000) (upholding following jury instruction: "Should you find the defendant not guilty of the crime of burglary, you would be authorized to consider under the evidence whether or not he did, at said time and place, commit the lesser offense of criminal trespass"); *Watson*, 329 Ga. App. at 337-338 (3) (a) (no reversible error in case involving charge of child molestation and sexual battery as a lesser included offense, where trial court charged the jury, among other things, that: "If you find the Defendant not guilty [of child

molestation] answer the following question. And the following question is, as to sexual battery . . . , we, the jury, find the Defendant either guilty or not guilty. Now, Ladies and Gentlemen, whether you get to the second part depends on your answer in the first part . . .”); *State v. Nicholson*, 321 Ga. App. 314, 318-319 (2) (739 SE2d 145) (2013) (trial court did not err by instructing the jury that it could consider lesser included offenses “only if” it found the defendant not guilty of the greater offenses). Compare *Kunselman v. State*, 232 Ga. App. 323, 324-325 (1) (501 SE2d 834) (1998) (trial court erred by instructing the jury that “if you find the defendant not guilty of burglary, you would *then and only then* be authorized to consider the lesser included offense of criminal trespass,” followed “[s]hortly thereafter” by an instruction that the jury had to reach an unanimous verdict) (emphasis supplied). In light of this precedent, the trial court did not commit plain error in its instruction on how to consider the lesser included offense of criminal trespass.

2. Reason argues that the trial court erred in sentencing him as a recidivist under OCGA § 17-10-7 (a) and (c) because under the plain language of the statute, he should only have been sentenced under subsection (c). However, as Reason acknowledges in his brief, precedent of this Court establishes that subsections (a) and (c) of OCGA § 17-10-7 must be read together and that the sentence of a defendant

7

with at least three prior felony convictions is governed by both subsections. See

*Barber v. State*, 350 Ga. App. 309, 314 (3) (827 SE2d 733) (2019); *Barney v. State*,

333 Ga. App. 807, 814 (4) (777 SE2d 490) (2015). Our Supreme Court also has made

clear that all of the subsections of OCGA § 17-10-7 must be read together. See

*Blackwell v. State*, 302 Ga. 820, 830 (4) (809 SE2d 727) (2018). Consequently, the

trial court committed no error in its sentencing of Reason.

*Judgment affirmed. Mercier and Brown, JJ., concur*.